## MOHEGAN ATHLETIC CLUB v. EBERHART.

(Supreme Court, Appellate Term.   June 21, 1912.)

LANDLORD AND TENANT (§ 184*)—RENT—SECURITY—RELEASE.

The agreement in a lease, pursuant to which the lessee gives the lessor a chattel mortgage, that the mortgage shall be security for faithful performance by the tenant of the covenants of the lease, and that its proceeds, up to $500, shall be regarded as liquidated damages for violation by the tenant of any provision of the lease, survives the severance of the relation of landlord and tenant by summary proceedings, so that, even if the tenant be liable only for actual damages sustained from breach of the covenants, the landlord, having foreclosed by sale as authorized by the mortgage, is liable only for any surplus over such damages, and is not liable in an action for conversion.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. § 184.*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by the Mohegan Athletic Club against Marcus Eberhart. From a judgment for plaintiff, defendant appeals.   Reversed and dismissed.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Charles W. Philipbar, of New York City, for appellant.

Albert H. Vitale, of New York City (Emanuel Klein, of New York City, of counsel), for respondent.

PER CURIAM.   The plaintiff brings this action in conversion, claiming that the defendant took possession of certain chattels, the property of the plaintiff, and converted them to his own use.   The facts are not disputed.   The plaintiff leased certain premises of the defendant, for a term of three years from May 1, 1909.   The lease provided that the sum of $180 should be deposited with the landlord, which sum was to be applied to the cost of replacing partitions which had been removed from the second floor of the building for plaintiff's purposes; any surplus remaining after deducting the cost of such replacement to be returned to plaintiff.   The plaintiff, at the time the lease was executed, gave to the defendant a chattel mortgage in the sum of $500, covering the articles alleged to have been converted. The lease contained the clause that the mortgage was given as—

"collateral security for the faithful performance on the part of the tenant of all the terms and conditions, agreements and covenants, and obligations on its part to be performed herein.   Should the tenant violate any of the conditions and covenants on its part to be performed, said tenant does hereby agree to and with the landlord to apply said cash and proceeds of the mortgage as fixed, settled, and liquidated damages."

The mortgage contains the usual clause that, in case of default, the mortgagee may enter the premises and sell the goods, etc.   In September, 1910, the tenant was in arrears for rent in the sum of $170, and was dispossessed by the landlord by a warrant in summary pro-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ceedings. Thereafter, and in October, 1910, the defendant foreclosed the mortgage, taking possession of the chattels and selling them at public auction; the amount realized from the sale being the sum of $41.48, from which, deducting the costs and expenses of the sale, there remained the sum of $34.08.

Under this state of facts the plaintiff has no cause of action in conversion. The parties had stipulated in the lease that the mortgage be given as security for the faithful performance of the covenants of the lease by the tenant, and that the proceeds of such mortgage up to the sum of $500 should be regarded as liquidated damages, should the tenant violate any of its provisions; and this agreement survived the severance of the relation of landlord and tenant by summary proceedings. Slater v. Van Chorus, 120 App. Div. 16, 104 N. Y. Supp. 996.

Assuming, but not deciding, that the tenant was liable only for actual damages sustained for a breach of the covenants of the lease, the landlord had the right to resort to his security and to a sale of the property secured, being liable to the plaintiff only for any surplus arising after the damages occasioned by a breach of the covenants of the lease had been ascertained, but cannot be made liable in an action for conversion.

Judgment reversed, with costs, and complaint dismissed, with costs.