[Civ. No. 1508.   First Appellate District.—October 7, 1914.]

## MELVILLE S. TOPLITZ et al., Appellants, v. STANDARD CO. (a Corporation), Respondent.

UNLAWFUL DETAINER—POSSESSORY ACTION—CANNOT BE DEFEATED BY FACT OF SECURITY GIVEN FOR RENT.—Unlawful detainer is primarily a possessory action, which cannot be defeated or delayed by the fact that the landlord has taken security for his rent, without destroying the manifest design of the legislature (Code Civ. Proc., sec. 1161) to provide a summary remedy for the recovery of the possession of the premises withheld by a tenant in violation of the covenants of a lease or other agreement.

ID.—DAMAGES RECOVERABLE INCIDENTALLY—ACTION NOT FOR RECOVERY OF MONEY—MORTGAGE TO SECURE RENT NO BAR.—Incidentally a judgment for the plaintiff in an action of unlawful detainer may award such actual damages as may have been occasioned by a withholding over after a breach of the covenants of the lease; and in addition may, if the circumstances of the case justify it, award to the plaintiff by way of punitive damages a sum equal to treble the amount of the rent then due; but in no sense is an action of unlawful detainer one for the recovery of a debt or the enforcement of a right secured by a mortgage given for security of the rent reserved in the lease under which the premises are held, and therefore the existence of such mortgage cannot be pleaded as a bar to the action, under the provisions of section 726 of the Code of Civil Procedure.

ID.—FINDING AS TO MORTGAGE IMMATERIAL—WHEN PLAINTIFFS ENTITLED TO JUDGMENT ON APPEAL.—In an action of unlawful detainer, where the trial court found, in substantial accord with the admitted allegations of the complaint, in favor of the plaintiffs in so far as concerned the execution of the lease and the breach of the covenant to pay the rent reserved, but further found that a mortgage given as security for the rent had not been resorted to and exhausted prior to the institution of the action, and from the latter finding deduced the conclusion of law "that by reason of the provisions of section 726 of the Code of Civil Procedure" the action is barred, the existence of the mortgage being no defense, the finding in relation thereto is immaterial, and the judgment should have been for plaintiffs, and will be so ordered on appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

Stratton, Kaufman & Torchiana, for Appellants.

Leon Samuels, for Respondent.

LENNON, P. J.—This is an appeal upon the judgment-roll alone from a judgment entered in favor of the defendant in an action of unlawful detainer. All of the material allegations of the plaintiffs' complaint were admitted by the failure of the defendant's answer to deny them. The defendant, however, as a defense to the action pleaded the existence of a mortgage executed by the defendant to the plaintiffs as security for the rent reserved in the lease under which the defendant held and occupied the premises in controversy.

The court below, in substantial accord with the admitted allegations of the complaint, made its findings of fact in favor of the plaintiffs in so far as concerned the execution of the lease and the breach of the covenant to pay the rent reserved; but further found that a mortgage given as security for the payment of the rent had not been resorted to and exhausted by the plaintiffs prior to the institution of the present action; and from the latter finding deduced the conclusion of law "that by reason of the provisions of section 726 of the Code of Civil Procedure of the state of California the action is barred and cannot be maintained."

The code section referred to provides that "There can be but one action for the recovery of any debt, or for the enforcement of any right secured by mortgage upon real or personal property . . . " (Code Civ. Proc., sec. 726). The lower court's conclusion of law cannot be sustained. Unlawful detainer is primarily a possessory action, which cannot be defeated or delayed by the fact that the landlord has taken security for his rent, without destroying the manifest design of the legislature (Code Civ. Proc., sec. 1161) to provide a summary remedy for the recovery of the possession of the premises withheld by a tenant in violation of the covenants of a lease or other agreement. Incidentally a judgment for the plaintiff in an action of unlawful detainer may award such actual damages as may have been occasioned by a withholding over after a breach of the covenants of the lease; and in addition may, if the circumstances of the case justify it, award to the plaintiff by way of punitive damages a sum equal to treble the amount of the rent then due (Code Civ. Proc., sec. 1174); but in no sense is an

action of unlawful detainer one of debt.   Consequently it cannot be said that the present action is one for the recovery of a debt or the enforcement of a right secured by the mortgage in controversy.

It follows that the defense interposed and relied upon was not as a matter of law available to the defendant.   The finding with reference to the execution and existence of the mortgage was therefore immaterial, and may be disregarded.   The defendant having admitted and the lower court having found the execution of the lease, and the failure of the defendant to pay the rent reserved therein after the statutory notice to pay or surrender possession of the leased premises, judgment should have been entered for the plaintiffs.

The judgment is reversed, with instructions to the lower court to render and enter judgment in favor of the plaintiffs upon and in keeping with the findings as made relating to the execution and breach of the lease.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 5, 1915.