[Civ. No. 23505.   First Dist., Div. One.   Apr. 26, 1967.]

ROBERT O. BAUMRUCKER, Plaintiff and Appellant, v. AMERICAN MORTGAGE EXCHANGE, INC., et al., Defendants and Respondents.

Matthew M. Fishgold for Plaintiff and Appellant.

Shirley, Saroyan, Cartwright & Peterson and Robert E. Cartwright for Defendants and Respondents.

MOLINARI, P. J.—Plaintiff appeals from a judgment dismissing his complaint as to defendants, which judgment was entered upon the sustaining without leave to amend of a demurrer to plaintiff's complaint. The sole issue presented is whether plaintiff's complaint states a cause of action against the demurring defendants. We hold that it does.

On September 1, 1965 plaintiff filed his "Complaint for Damages (Fraud)," naming as defendants American Mortgage Exchange, Inc., Clelland O. Whitton, Vida L. Herold, Edward A. Keith, Helen Loebs, George Edsel, Norwood Patterson, and Gloria D. Patterson. This complaint set forth four "causes of action." In the "first cause of action" plaintiff alleged that defendants, except Norwood and Gloria Patterson, represented to him that for their livelihood they had invested their own money and that of the public and were experienced and skilled in the investment of funds; that plaintiff, who had no training in investments and no time to adequately supervise investments, had, by virtue of his employment, which involved extensive dealings with stock brokers who are members of the New York Stock Exchange, come to rely on the honesty, integrity, skill, and good faith of security brokers; that defendants, except Norwood and Gloria Patterson, had "beguiled" plaintiff into believing that they would handle his money with the skill, care and caution of brokers who are members of the New York Stock Exchange; that on September 11, 1962 defendants made the following oral representations to plaintiff: they could obtain for plaintiff a promissory note in the amount of $9,000 payable at $135 per month including interest at 10 percent; the promissory note would be secured by a deed of trust on real property

located at 10060, 10070, and 10080 Craft Drive in Cupertino; the deed of trust would be subordinate to first deeds of trust totalling approximately $99,000; the real property had a fair market value of approximately $130,000; and the purchase of this promissory note by plaintiff would be a safe investment and one which would not require skill or expenditure of time by plaintiff; that defendants further represented to plaintiff both orally and in writing that this investment of $9,000 was legal and in accordance with California law; that in reliance on these various representations plaintiff paid $9,000 to defendants and received a promissory note secured by deeds of trust on the three parcels of Cupertino property; that "in truth and in fact" the subject transaction was within the provisions of Business and Professions Code[1] sections 10237 through 10238.9 in that (1) the promissory note purchased by plaintiff was one of a series of promissory notes secured by junior liens on separate parcels of real property in one subdivision, was executed after completion of the construction of the real property but before the first bona fide sale of this improved property, and was executed as a means of financing the first purchase of this real property; and (2) defendant guaranteed that the payments of principal and interest would be paid in conformity with the terms of the promissory note and further guaranteed a specific yield or return on the note; that despite the applicability of sections 10237 through 10238.9 defendants failed to deliver to plaintiff a copy of a statement required by sections 10237.4 and 10237.5, failed to obtain an appraisal of the real property as required by section 10237.6, and failed to obtain a permit from the Real Estate Commissioner to sell the real property security as required by section 10238.3; that defendants fraudulently and wrongfully failed to disclose to plaintiff the fact that the subject transaction was within the provisions of sections 10237 through 10238.9, which fact was unknown to plaintiff and was known or should have been known by defendants; that thereafter monthly payments were made on the promissory note until June 14, 1963; that on June 19, 1963 defendants Norwood and Gloria Patterson sold the real property at 10080 Craft Drive and pursuant to the terms of the note plaintiff received $3,000 out of the proceeds of the sale; that the last payment plaintiff received from defendants on the promissory note was on

---

[1] Unless otherwise indicated, all statutory references are to the Business and Professions Code.

September 8, 1963, leaving a balance of $5,376.99 due on the note; that thereafter plaintiff filed a notice of default required by the deed of trust, caused the power of sale in the deed of trust to be exercised, and on January 31, 1964 took title to the real property pursuant to the power of sale; that plaintiff subsequently endeavored to sell the real property at 10060 and 10070 Craft Drive, but was unable to sell this property until July 1965, when he received a net amount of $4,831 for the property; that between January 31, 1964, when plaintiff took title to the property, and July 1965, when plaintiff ultimately sold the property, plaintiff rented the property and was therefore required to expend approximately $8,000 over and above the amount received as rental income to maintain the property; that plaintiff was damaged in the amount of $8,921.40 and is in addition entitled to 7 percent interest and reasonable attorney's fees by virtue of section 10238.7; that defendants acted willfully, deliberately, maliciously, and in deliberate violation of plaintiff's rights and in breach of the trust and confidence placed in them by plaintiff, entitling plaintiff to exemplary and punitive damages; and that plaintiff instituted this action within two years from the date that his injury was discovered and within three of his discovery of defendants' fraud.

As a "second cause of action" plaintiff incorporated by reference some of the allegations of the "first cause of action"; further alleged that defendants represented to plaintiff that Norwood and Gloria Patterson, the promisors under the promissory note purchased by plaintiff, were sound and solvent and had financial resources to comply with all their obligations and further represented that the subject promissory note would be paid; that the promissory note obtained by plaintiff was one of a series of promissory notes issued for sale to the public by defendants; that no permit for the sale of these securities was obtained from the Corporations Commissioner; and that the sale is void and fraudulent.

In his "third cause of action," which was directed against all defendants except Norwood and Gloria Patterson, plaintiff incorporated the allegations of his "first cause of action" relating to his reliance on defendants' skill and care in the investment of funds and further alleged that in September 1962 defendants suggested to plaintiff that they had a series of notes secured by deeds of trust on income producing property consisting of a series of four-unit buildings in or

near the City of Los Banos; that the fair market value of these buildings would be approximately $40,000 each; and that the first two of these buildings, which were nearing completion, were encumbered by deeds of trust securing promissory notes in the amount of $26,000. Plaintiff then alleged that defendants further represented that plaintiff could purchase promissory notes secured by deeds of trust on these two buildings for $4,000 each, that the investment of $8,000 was legal and in accordance with California law, and that after the first two buildings were constructed a $30,000 loan would be available on the remainder of the buildings to be constructed in the project; and further alleged that in reliance on these various representations plaintiff paid $8,000 to defendants and received a promissory note for this sum secured by deed of trust on the Los Banos property. Plaintiff then repeated the allegations of his "first cause of action" to the effect that the subject transaction was within the provisions of sections 10237 through 10238.9 and that defendants had not complied with sections 10237.4, 10237.5, 10237.6 and 10238.3; and further alleged that defendants fraudulently and wrongfully failed to disclose to plaintiff the fact that the subject transaction was within the provisions of sections 10237 through 10238.9, which information defendants knew or should have known and had a duty to disclose to plaintiff by reason of their long association with plaintiff, their superior knowledge and experience, and the trust plaintiff reposed in them. Plaintiff next alleged that all of the foregoing representations were false in that the true market value of the real property was at all times and is almost nil; that it was necessary for plaintiff to and he did exercise the power of sale contained in the deed of trust securing the promissory note; that a trustee's deed for the real property was delivered to plaintiff on July 31, 1964; and that although plaintiff has been diligently endeavoring to locate purchasers for the property since that date he is unable to find any person willing to purchase the property for any price. In addition, plaintiff alleged that he has expended approximately $3,600 to protect the real property and his investment therein and has thus been damaged in the sum of $11,000; and that defendants have acted willfully, deliberately, maliciously, and in willful disregard of plaintiff's rights so that plaintiff is entitled to exemplary and punitive damages.

As a "fourth cause of action" against all defendants

except Norwood and Gloria Patterson, plaintiff incorporated by reference all of the allegations of the "third cause of action" except that relating to his expenditure of $3,600 to protect his investment, and further alleged that the promissory note obtained by plaintiff was one of a large series of promissory notes issued for sale and in fact sold to the public by defendants; that no permit for the sale of such securities was obtained from the Corporations Commissioner; and that the sale is void and fraudulent. Finally plaintiff alleged that defendants represented to him that Cecil Bush, the promisor under the note purchased by plaintiff, was financially sound and solvent and had financial resources to comply with the obligation imposed by the terms of the promissory note and deed of trust; that these representations were untrue and false; that the promissory note and deed of trust call for the payment of plaintiff's attorney's fees; and that plaintiff has been further damaged by inability to recover attorney's fees.

Based upon the foregoing allegations plaintiff prayed for general damages in the amount of $50,000; exemplary and punitive damages in the amount of $50,000; interest and attorney's fees; and for such other and further relief as may be just.

Defendants, American Mortgage Exchange, Inc., Clelland O. Whitton, Vida L. Herold, Edward A. Keith, and Helen Loebs, demurred to plaintiff's complaint on the ground that it did not state a cause of action against the demurring defendants. Following a hearing, the demurrer was sustained without leave to amend. As revealed in the memorandum of points and authorities in support of this demurrer, the basis of the demurrer was that since plaintiff had elected to proceed with a nonjudicial foreclosure under the terms of the power of sale contained in his deed of trust, he was barred from recovering in this action by the provisions of Code of Civil Procedure section 580d.

In urging us to affirm the trial court's order sustaining their demurrer without leave to amend, defendants make the same contention they made below, that is, that the causes of action plaintiff attempted to set forth are barred by the provisions of Code of Civil Procedure section 580d providing, in pertinent part, that "No judgment shall be rendered for any deficiency upon a note secured by a deed of trust . . . upon real property . . . in any case in which the real property has

been sold by the . . . trustee under power of sale contained in such . . . deed of trust." Plaintiff, on the other hand, argues that the action against defendants is not upon a promissory note but is an action for damages authorized by section 10238.7, and that, therefore, the provisions of Code of Civil Procedure section 580d do not bar his recovery in this action.[2] We have concluded that plaintiff's argument has merit.

Sections 10237 through 10238.7, comprising article 6 of the Business and Professions Code, contain regulations relating to real property securities dealers. A real property securities dealer is defined in section 10237 as "any person, acting as a principal or agent, who engages in the business of: (a) Selling real property securities to the public, . . ." Section 10237.1 defines a real property security in part as follows: "(b) One of a series of promotional notes secured by liens on separate parcels of real property in one subdivision or in contiguous subdivisions. . . ." The term "promotional note" is further defined in this section as "a promissory note secured by a trust deed executed on unimproved real property, or executed after construction of an improvement of the property but before the first sale of the property as so improved, or executed as a means of financing the first purchase of the property as so improved, and which is subordinate or which by its terms may become subordinate to any other trust deed on the property; . . ."

Sections 10237.3 through 10238.3 contain various regulations which must be complied with by a real property securi-

---

[2]As we read plaintiff's complaint it also purports to allege a cause of action for fraud against defendants. Plaintiff does not, however, make the argument in his briefs that his complaint purports to state a cause of action for fraud; rather his argument is limited solely to his contention that his complaint states a cause of action under article 6 of the Business and Professions Code. Accordingly, we do not dwell upon the fraud aspects of the complaint except to state that, with the exception of the intent to deceive element of a cause of action for fraud, the other elements, i.e., representation, falsity, knowledge of falsity, reliance, and resulting damages, appear to be stated. Therefore, while the trial court could properly sustain a demurrer to the complaint on the ground that it did not state a cause of action for fraud because of the absence of an allegation concerning defendants' intent to deceive, it would not have been warranted in sustaining the demurrer without leave to amend without first giving plaintiff an opportunity to cure the defect. (See *Loper* v. *Flynn*, 72 Cal.App.2d 619, 625 [165 P.2d 256]; *King* v. *Mortimer*, 83 Cal.App.2d 153, 158 [188 P.2d 502]; *MacLeod* v. *Tribune Publishing Co.*, 52 Cal.2d 536, 542 [343 P.2d 36]; *Lingsch* v. *Savage*, 213 Cal.App.2d 729, 739-740 [29 Cal.Rptr. 201, 8 A.L.R.3d 537].)

ties dealer. Sections 10237.4 and 10237.5 provide that a real property securities dealer must deliver a statement in writing to the purchaser that contains specified and detailed information concerning the property, its encumbrances, and the terms and conditions of the note or contract secured by the property, and further require that this statement be signed by the purchaser. Section 10237.6 requires that an appraisal be made of the property either by the real property securities dealer or by an independent appraiser, and section 10238.3 provides that "No real property security . . . shall be sold to the public without either the issuer or the real property securities dealer first obtaining a permit from the commissioner."

In addition to providing that a real property securities dealer who violates any provision of the securities dealer law is punishable by fine or imprisonment (§ 10238.6), section 10238.7 authorizes a civil action for damages on behalf of a person who is injured as a result of a transaction which was subject to article 6 of the code and was in violation of the provisions of this article.[3]

█ Turning to plaintiff's complaint in the light of the foregoing provisions of the real property securities law, it is clear that plaintiff has attempted to plead two causes of action within the ambit of this law. As to both promissory notes which plaintiff allegedly purchased from defendants, namely, the $9,000 note secured by deeds of trust on the Cupertino property and the $8,000 note secured by deeds of trust on the Los Banos property, plaintiff's complaint alleged that each note was "one of a series of promissory notes secured by liens on separate parcels of real property in one subdivision . . . was executed after construction of the real property was completed but before the first bona fide sale of the real property . . . and . . . as a means of financing the first purchase of said real property. . . ." He further alleged that the deeds of trust securing each note were subordinate to first deeds of trust on the particular parcel of property involved. These allegations are couched in almost identical

---

[3]Section 10238.7 provides as follows: "Every person sustaining an injury resulting from a transaction subject to this article which was in violation of the provisions of the article may recover in a civil action against the real property securities dealer the amount of the damages with interest at 7 percent per annum from the date of the injury, and shall be entitled to be awarded a reasonable attorney's fee. Any such action shall be brought within two (2) years from the date of the transaction or the date the injury was discovered, whichever is the later."

language to the provisions of section 10237.1, subdivision (b), defining a real property security. Moreover, since plaintiff alleged that he purchased these promissory notes from defendants, his complaint sufficiently alleges that defendants were real property dealers as defined in section 10237.

Plaintiff's complaint also alleged with regard to both the Cupertino and the Los Banos transactions that defendants did not deliver to him a copy of the statement required by sections 10237.4 and 10237.5, did not obtain an appraisal of the property as required by section 10237.6, and did not obtain a permit to sell the real property security as required by section 10238.3. Finally, plaintiff's complaint alleged various damages sustained by him as a result of both transactions, these damages as to the Los Banos property consisting of the balance due on the note plus the money expended by plaintiff to protect the real property, and as to the Cupertino property consisting of the balance due on the note less the money which plaintiff received from his subsequent resale of the property, plus the money expended by him to maintain the property while he attempted to sell it.

It is apparent that the allegations of plaintiff's complaint, considered *in toto*, state a cause of action for damages under section 10238.7. ▮ These causes of action are not barred by Code of Civil Procedure section 580d because that section is not applicable to the facts as alleged in plaintiff's complaint since it relates to an action for a deficiency upon a note. ▮ Defendants' argument seems to be that because plaintiff elected to proceed with nonjudicial foreclosures as to the various deeds of trust securing the promissory notes which he purchased from defendants, he thereby waived his rights to recover a deficiency judgment on the notes. But plaintiff is not seeking to recover a deficiency judgment upon the subject notes; rather his causes of action are for damages based upon defendants' noncompliance with various regulatory provisions applicable to real property securities dealers. Where such violations occur, section 10238.7 specifically authorizes a civil action against the real property securities dealer on behalf of a "person sustaining an injury resulting from a transaction subject to this article which was in violation of the provisions of the article," and further authorizes such a person to recover in such an action "the amount of the damages with interest . . . from the date of the injury" plus reasonable attorney's fees.

Clearly the fact that plaintiff may have waived his right to recover a deficiency judgment on the notes which he purchased from defendants is of no relevance in determining plaintiff's right to recover damages from defendants under section 10238.7. That section allows a recovery of any damages sustained in a transaction which did not comply with the provisions of the real property securities law. The fact that Code of Civil Procedure section 580d may bar the recovery of such damages in particular situations does not, as defendants appear to contend, make the damages nonexistent.

The judgment is reversed.

Sims, J., and Elkington, J., concurred.