[Civ. No. 31454.   Second Dist., Div. Four.   Apr. 22, 1968.]

PEARL KASS, Plaintiff and Respondent, v. B. L. WEBER, Defendant and Appellant.

418

Daniel B. Condon for Defendant and Appellant.

Fulop, Rolston & Burns and Lawrence R. Resnick for Plaintiff and Respondent.

KINGSLEY, J.—Plaintiff sued in the court below on three causes of action: rescission on the grounds of fraud; money damages on the grounds of fraud; and money had and received. The trial court gave judgment on behalf of plaintiff on her first cause of action only. ■ Defendant appealed on the judgment roll. As such the evidence is conclusively presumed to support the findings, and the only questions presented are the sufficiency of the pleadings and whether the findings support the judgment. (*Hunt* v. *Plavsa* (1951) 103 Cal.App.2d 222, 224 [229 P.2d 482]; *Kompf* v. *Morrison* (1946) 73 Cal.App.2d 284, 286 [166 P.2d 350].)

On or about July 3, 1963, defendant made false representa-

tions to plaintiff concerning the nature and value of the security for a proposed loan, for the purpose of inducing plaintiff to lend defendant the sum of $40,000. In justifiable reliance on those representations, plaintiff loaned defendant the sum of $40,000 evidenced by a promissory note and secured by a second deed of trust upon certain improved real property. At that time the real property was already encumbered by a first deed of trust payable to Fidelity Savings and Loan Association of Glendale.

On or about November 1963, defendant sold the real property to third parties who acquired title subject to the first deed of trust and second deed of trust. On April 18, 1964, the third parties defaulted in payments to be made on the promissory note secured by the second deed of trust and also defaulted in payments to be made on the Fidelity note secured by the first deed of trust.

On or about May 22, 1964, plaintiff recorded and filed a notice of default and election to sell under the second deed of trust and, on or about October 29, 1964, the real property was sold at a trustee's sale pursuant to the power of sale contained in the second deed of trust. Plaintiff acquired title to the real property at the time of the trustee's sale.[1]

On April 18, 1964, the balance due on the promissory note was the sum of $36.096.87.

From May 1964 to November 1964 plaintiff advanced the sum of $19,238.50 to make payments on the Fidelity note and from May 1964 to December 1964 plaintiff spent $398.19 for the care of the real property.

On May 28, 1964, plaintiff filed an action in the superior court, case number 839,471, to secure the appointment of a receiver as provided in the second deed of trust, and in the prosecution of the receivership action, plaintiff became obligated for attorney's fees in the amount of $3,716.25, and incurred costs in the amount of $226.45.

On November 23, 1964, the receivership was terminated, plaintiff received $2,481.12, and plaintiff received rentals in the sum of $3,777.50.

Plaintiff discovered that defendant defrauded her one month after she purchased the real property at the trustee's sale. Upon discovery of the fraud, plaintiff brought an action.

---

[1] Defendant's statement of facts recites that plaintiff bid the amount of indebtedness due her under the terms of the promissory notes but that fact does not appear in the findings of fact in the clerk's transcript.

As a proximate result of plaintiff's reliance on defendant's representations, plaintiff received a security which was different from, and less valuable than, she expected to receive.

In the complaint (original and amended) it appears that plaintiff elected to rescind and offered to restore to defendant anything of value received by plaintiff. Prior to entry of judgment, plaintiff tendered a quitclaim deed of the property to defendant.

The trial court entered judgment as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

"1. Plaintiff PEARL KASS have judgment against Defendant B. L. WEBER on the First Cause of Action of the Third Amended Complaint as follows:

"(a) For rescission of the promissory note secured by deed of trust, both dated July 16, 1963;

"(b) For the principal sum of Fifty-Three Thousand Four Hundred Seventeen Dollars and Sixty-Four Cents ($53,-417.64)[2] with interest thereon from December 7, 1964, at the rate of seven (7) percent per annum to the date hereof in the sum of Four Thousand Five Hundred Eighty Dollars and Sixty-Four Cents ($4,580.64), for a total sum of Fifty-Seven Thousand Nine Hundred Ninety-Eight Dollars and Twenty-Eight Cents ($57,998.28), with interest at the rate of seven (7) percent per annum from the date hereof; and,

"(c) For Plaintiff's costs of suit herein taxed at $249.95."

The issues before this court are: (1) whether a defrauded beneficiary of a deed of trust on real property who purchases the real property at a trustee's sale may rescind the transaction for fraud, or whether the rescission is barred by Code of Civil Procedure sections 725a et seq., 580a and 580d; and (2) whether attorney fees incurred by a defrauded beneficiary of

---

[2]It appears from the findings that this sum was arrived at by adding the various expenditures by plaintiff and then crediting to defendant the sums received by plaintiff from the receivership and from rentals, as follows:

| | | |
|---|---|---|
| Balance due on the promissory note | $36,096.87 | |
| Advanced on the first deed of trust | 19,238.50 | |
| Maintenance of the property | 398.19 | |
| Attorney's fees in receivership | 3,716.25 | |
| Costs in receivership | 226.45 | |
| | $59,676.26 | $59,676.26 |
| Received from receivership | $ 2,481.12 | |
| Rentals | 3,777.50 | |
| | $ 6,258.62 | (6,258.62) |
| Judgment | | $53,417.64 |

a deed of trust during a prior receivership action to collect the rents and preserve the real property, are properly awarded as damages on rescission.[3]

I

■ We do not believe that a defrauded creditor's action for rescission is barred by Code of Civil Procedure sections 726, 580a, or 580d.

Code of Civil Procedure 726 (see also 580a)[4] reads in part: "There can be but one form of action for the recovery of any debt, or the enforcement of any right secured by mortgage upon real property, which action must be in accordance with the provisions of this chapter."

Code of Civil Procedure section 580d reads in part: "No judgment shall be rendered for any deficiency upon a note secured by a deed of trust . . . in any case in which the real property has been sold by the . . . trustee under power of sale contained in . . . such deed of trust."

Prior to the enactment of 580d, a creditor could obtain a deficiency judgment against his debtor after private sale of real property given to secure an obligation. (§ 580a.) The deficiency judgment, whether after private or judicial sale, was limited to the difference between the amount of the indebtedness and the fair market value at the time of the sale. (§§ 580a and 725a et seq.) The purpose of the limitations was to prevent creditors from buying in at their own sale at deflated prices and realizing double recoveries by holding debtors for deficiencies. *Roseleaf Corp.* v. *Chierighino* (1963) 59 Cal.2d 35, 40 [27 Cal.Rptr. 873, 378 P.2d 97], states: ". . . section 580d was enacted to put judicial enforcement on a parity with private enforcement. This result could be accomplished by giving the debtor a right to redeem after a sale under the power. The right to redeem, like proscription of a

---

[3]Defendant also raises a third contention. Defendant says: "3. When the beneficiary under the terms of a trust deed bids the amount due under the promissory note secured by said trust deed, at the sale pursuant to the power therein, and thereby acquires title to the real property involved, the debt created by the promissory note is extinguished."

[4]Section 580a reads in part: "Whenever a money judgment is sought for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of trust or mortgage, the plaintiff shall set forth in his complaint the entire amount of the indebtedness which was secured by said deed of trust or mortgage at the time of sale, the amount for which such real property or interest therein was sold and the fair market value thereof at the date of sale and the date of such sale."

deficiency judgment, has the effect of making the security satisfy a realistic share of the debt. (See *Salsbery* v. *Ritter,* 48 Cal.2d 1, 11 [306 P.2d 897].) By choosing instead to bar a deficiency judgment after private sale, the Legislature achieved its purpose without denying the creditor his election of remedies. If the creditor wishes a deficiency judgment, his sale is subject to statutory redemption rights. If he wishes a sale resulting in nonredeemable title, he must forego the right to a deficiency judgment.''

█ It is clear that the purposes of sections 580a, 580d and 725a et seq., are in no way frustrated by allowing the creditor to rescind for fraud and to recover his damages resulting from that fraud. Plaintiff in the case at bench did not receive a double recovery since she was required to tender and did tender a quitclaim deed to the property. Further, the words of section 725a specifically refer to recovery on a debt and the words of section 580d specifically refer to judgments on a deficiency on a note; therefore there is nothing in the express language of those sections to preclude recovery for rescission which is not a recovery on a debt nor a deficiency judgment on a note.

One or more of the above code sections has been held not a bar to various actions that were not for deficiency judgments. An unlawful detainer action was not barred by sections 726 or 580d. (*Willys of Marin Co.* v. *Pierce* (1956) 140 Cal.App.2d 826 [296 P.2d 25].) In *Freedland* v. *Greco* (1955) 45 Cal.2d 462 [289 P.2d 463], the court said that section 580d does not preclude the creditor from foreclosing on additional security. *Stephenson* v. *Lawn* (1957) 155 Cal.App.2d 669 [318 P.2d 132], held that Code of Civil Procedure sections 580b and 580d only refer to deficiency judgments on a principal obligation after sale under trust deed as distinguished from an endorser's liability.

The recent case of *Baumrucker* v. *American Mtge. Exchange, Inc.* (1967) 250 Cal.App.2d 451 [58 Cal.Rptr. 677], is directly in point. Plaintiff in that case received certain promissory notes secured by deeds of trust on real property, and on default of payment, plaintiff exercised the power of sale and took title to the real property. Thereafter, plaintiff filed his action for damages, pleading that defendant falsely represented the value of the security and had violated the Real Property Securities Law (Bus. & Prof. Code, § 10233 to § 10238.7). The trial court sustained defendant's demurrer to the complaint without leave to amend on the grounds that the

action was barred by section 580d. The appellate court reversed the judgment stating that a cause of action under section 10238.7 is not barred by Code of Civil Procedure 580d, because 580d is not applicable to the facts in plaintiff's complaint since 580d relates to an action for a deficiency on a note. The court said ". . . plaintiff is not seeking to recover a deficiency judgment upon the subject notes; rather his causes of action are for damages based upon defendants' noncompliance with various regulatory provisions applicable to real property securities dealers." (*Baumrucker* v. *American Mtge. Exchange, Inc., supra* (1967) 250 Cal.App.2d 451, 459.)

In note 2 of its decision, the *Baumrucker* court stated that the court did not dwell on the fraud aspect of the complaint because plaintiff did not argue the point in the brief. The court said that all the elements of fraud were pled except "intent to deceive," and therefore the lower court could properly sustain a demurrer for failure to state a cause of action in fraud. But the appellate court added that the lower court would not have been warranted in sustaining a demurrer without leave to amend the complaint.

In the *Baumrucker* case, plaintiff brought his action for damages pursuant to the express provisions of Business and Professions Code section 10238.7. In the case at bench plaintiff brought her action for rescission. Insofar as sections 726 et seq., 580a and 580d are concerned, we see no reason why the result should be different in the two cases. Plaintiff is not seeking a deficiency judgment but a separate and distinct remedy, and therefore she should not be barred by Code of Civil Procedure sections 726 et seq., 580a and 580d.

## II

The award of attorney's fees expended by plaintiff during the prior action was not improper. In an action for rescission for fraud, plaintiff is entitled to recover the consideration he gave on restoration or offer of restoration, of that which he received, and he is also entitled to compensation for consequential damages. (Civ. Code, § 1692; *Warfield* v. *Richey* (1959) 167 Cal.App.2d 93, 100 [334 P.2d 101] ; *Lobdell* v. *Miller* (1952) 114 Cal.App.2d 328 [250 P.2d 357].) Recovery in an action for deceit for fraudulently inducing a contract includes the expense of *other litigation* incident to the contract *as part of consequential damages.* (See 41 A.L.R. 1156; 23 Cal.Jur.2d, § 90, p. 229, fn. 5.)

However, while the minute order entered at the close of the

trial provided for delivery by plaintiff to defendant of a quitclaim deed of plaintiff's interest in the property, no provision to that effect is contained in the judgment. As indicated above, defendant, on payment of the judgment, is entitled to that relief.

The judgment heretofore entered is vacated; the case is remanded to the trial court with directions to revise its judgment by including, in addition to the provisions presently contained therein, appropriate provisions for the execution by plaintiff and the delivery to defendant of a quitclaim deed to the real property involved. Plaintiff shall recover her costs in this court.

Files, P. J., and Jefferson, J., concurred.