[No. B112752. Second Dist., Div. Six. Feb. 19, 1998.]

ERIC HELLWEG et al., Plaintiffs and Respondents, v.
JACQUELINE MONIER CASSIDY, Defendant and Appellant.

**COUNSEL**

Ferguson, Case, Orr, Paterson & Cunningham and Glen M. Reiser for Defendant and Appellant.

Stephanie J. Shulman for Plaintiffs and Respondents.

**OPINION**

**STONE (S. J.), P. J.**—Appellant, Jacqueline Monier Cassidy (Cassidy), obtained a loan secured by a deed of trust on the residential property she owned at 101 Fourth Street in Fillmore. The trust deed and beneficial interest were assigned from the original lender to the Federal National Mortgage Association (Fannie Mae). Cassidy owns the adjoining, unimproved property. She recorded an approved legal lot line adjustment to add 0.10 acre from the unimproved property to the residential property. Because she owned the adjacent, contiguous property, no new, separate deed was required to transfer title. She did not modify the deed to reflect the lot line adjustment.

Cassidy entered into escrow with respondents, Eric Hellweg and Debra Bereki, to sell the residential property to them. She told them that the sale property included the added 0.10 acre. At the time, Cassidy was in default on the loan assigned to Fannie Mae and she did not get approval for a short payoff. Consequently, the parties canceled the escrow.

Fannie Mae foreclosed on and acquired the property. The trustee's deed upon sale reflected the legal description which existed before the lot line adjustment. However, directly underneath the street address, in the deed of trust securing the loan, it states, "Together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances . . . and all fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the 'Property.'"

Respondents purchased the property from Fannie Mae, obtaining a grant deed which includes the lot line adjustment in the legal description of the property. Respondents installed curbs, landscaping and sprinklers in the area of the property added by the lot line adjustment. Cassidy witnessed the installation of these improvements and did not object. Cassidy's son requested respondents' permission to park a trailer on the portion of the property added by the lot line adjustment. Respondents permitted him to do so.

Respondents received a property tax bill, addressed to Cassidy at the 101 Fourth Street address, for the added portion of the property. Respondents gave the bill to Cassidy. Cassidy then claimed she owned the added portion at issue.

Respondents filed a complaint in equity for declaratory relief, estoppel and to quiet title. The court conducted trial on stipulated material facts,

pertinent documents, expert testimony and offers of proof introduced into the record. The trial court concluded that respondents should prevail and entered judgment accordingly. No statement of decision was requested. This appeal ensued from the judgment.

## DISCUSSION

■ Where findings of fact and conclusions are not requested, they are waived and every intendment is indulged in favor of the judgment. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133-1134 [275 Cal.Rptr. 797, 800 P.2d 1227].) We presume all findings necessary in support of the judgment which are warranted by substantial evidence. (*Slavin* v. *Borinstein* (1994) 25 Cal.App.4th 713, 718 [30 Cal.Rptr.2d 745].) We regard opposing inferences in the light most favorable to the judgment. ■ Interpretation of contracts and written instruments present questions of law. (See generally, *Waller* v. *Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 18 [44 Cal.Rptr.2d 370, 900 P.2d 619].)

The parties have found no cases directly on point. Neither have we. The causes of action are in equity. As Civil Code section 3529 states, "That which ought to have been done is to be regarded as done, in favor of him to whom, and against him from whom, performance is due." We approach the matter in light of the rules stated above.

■ Cassidy contends that because the deed of trust assigned to Fannie Mae and the trustee's deed upon sale in foreclosure did not specifically include the lot line adjustment, and because the additional property had not been necessary to secure the loan, respondents are not entitled to the additional property. Cassidy argues that because the additional property had not been encumbered by the loan documents, Fannie Mae did not obtain and could not transfer such property to respondents. Cassidy points out that the residential property as originally configured was the sole agreed-upon consideration for the deed of trust to the lender. She opines that without an express addendum substituting additional security, or unless appurtenant rights existed at the time the security agreement was established, the added property should not be transferred to respondents. We disagree with Cassidy.

The deed of trust securing the loan provides that it includes, together with the legal description of the property, "*all the improvements* now or *hereafter erected on the property, and all* easements, *rights, appurtenances . . . and all fixtures* now or *hereafter a part of the property. All replacements and additions shall also be covered* by this Security Instrument. *All of the foregoing is* referred to in this Security Instrument as *the 'Property.'* " (Italics added.)

This language of the deed is clear and explicit and governs its interpretation. (Civ. Code, § 1638.) It alone is sufficient to support the judgment. It operates automatically to add easements, fixtures and additions to the secured property obtained after the deed was provided to the lender, whether such additions were recorded or not. (See generally, *Harper* v. *Buckles* (1937) 19 Cal.App.2d 481, 484-486 [65 P.2d 947] [fixtures subsequently attached to mortgaged land pass to purchaser at foreclosure sale even if such fixtures not mentioned or referred to in the deed]; *Chapman* v. *Great Western Gypsum Co.* (1932) 216 Cal. 420 [14 P.2d 758, 85 A.L.R. 917].)

If this were not so, the conflict between the legal lot line adjustment recorded by Cassidy and the deed she provided in foreclosure could jeopardize future alienation of either of the contiguous parcels. (See generally, Cal. Subdivision Map Act Practice (Cont.Ed.Bar Supp. 1997) § 2.12, pp. 8-11.) In one sense, the grant deed to respondents represents the appropriate "reformation" of the deed upon sale to Fannie Mae to reflect the legal addition to the property. (See generally, Cal. Real Property Remedies Practice (Cont.Ed.Bar 1987) § 2.4, pp. 42-43, citing, inter alia, *Quivey* v. *Baker* (1869) 37 Cal. 465, 471-472; § 2.10, p. 46; *Cleghorn* v. *Zumwalt* (1890) 83 Cal. 155, 157-158 [23 P. 294]; *California Pac. Title Co.* v. *Moore* (1964) 229 Cal.App.2d 114, 117-118 [40 Cal.Rptr. 61].) The deed on foreclosure sale mistakenly described the property which, by the time of that sale, included the land added to the residential property by Cassidy. (See generally, Civ. Code, §§ 3399, 3400.)

It would be inequitable for Cassidy to claim she still owns the land she legally added to the residential property. While seeking to sell the residential property to respondents, she specifically represented to them that it included the lot line adjusted land at issue here. After respondents obtained the grant deed from Fannie Mae, which included the land Cassidy legally added to the property, she watched respondents improve the added portion at issue without objecting. Substantial evidence establishes that Cassidy did not think about whether the lot line adjustment would add to the lender's security. But, she did not seek to claim title to the land from the time she attempted to sell the property to respondents until the tax bill was inadvertently sent to her at her former address. To the contrary, she has acted as if the land at issue were part of the residential parcel at all pertinent times.

Cassidy contends that California's antideficiency statute, Code of Civil Procedure section 580d, applies here. We disagree. Section 580d states, in pertinent part, "No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property . . . hereafter executed in any case in which the real property . . . has been sold by the

mortgagee or trustee under power of sale contained in the mortgage or deed of trust."

Although Code of Civil Procedure section 580d does not preclude recoveries in certain nonjudicial private sales, the instant action is not a subterfuge to collect a deficiency, as suggested by Cassidy. (See generally, *Passanisi* v. *Merit-McBride Realtors, Inc.* (1987) 190 Cal.App.3d 1496, 1504, 1508 [236 Cal.Rptr. 59].) Moreover, respondents are neither creditor-beneficiaries, nor are they seeking a deficiency judgment here. (See generally, *Willys of Marin Company* v. *Pierce* (1956) 140 Cal.App.2d 826, 829 [296 P.2d 25]; *Passanisi, supra*, at p. 1508.) Section 580d does not apply to the instant case.

Respondents simply seek a determination of whether Fannie Mae correctly granted the lot line adjusted property to them, as added and recorded to the residential property by Cassidy without modification of the deed, and as represented to them by Cassidy. We agree with the trial court that Fannie Mae correctly granted respondents the entire residential parcel, as adjusted by Cassidy.

The judgment is affirmed. Costs are awarded to respondents.

Gilbert, J., and Yegan, J., concurred.