[Civ. No. 18107. First Dist., Div. One. Mar. 17, 1959.]

CHARLOTTE O. JOHNS et al., Plaintiffs; CARMEN DE ARRIVILLAGA, Appellant, v. ELTA G. MOORE, Respondent.

Ricardo J. Hecht for Appellant.

Jerome L. Schiller for Respondent.

BRAY, J.—Appellant De Arrivillaga appeals from an adverse judgment in an action brought by her and plaintiff Johns in an action for an accounting and injunctive relief.

### QUESTIONS PRESENTED

1. Sufficiency of the accounting (a) as to rents from tenant Fox; (b) were rents properly applied on the first deed of trust; (c) was a complete account rendered?

2. Were credits allowable for attorneys' and management fees?

3. Was the notice of default premature?

### RECORD

In November, 1951, plaintiff Johns and her husband, W. Harry Johns, acquired certain real property in San Francisco. In January, 1953, they executed a first deed of trust on it to Home Federal Savings and Loan Association, to secure a

promissory note in the sum of $6,500 with monthly payments of $65. (Home Savings is not involved in this action.) July 1, 1955, the Johns executed a deed of trust (hereafter called the second deed of trust) to defendant Western Title Insurance and Guaranty Company, as trustee, to secure payment of a promissory note to defendant Moore for $3,200 payable $60 or more per month. As additional security the Johns executed an assignment of rents to Mrs. Moore. July 13, 1955, the Johns executed to Western, as trustee, a deed of trust (hereafter called the third deed of trust) to secure payment of a promissory note to appellant for $1,900 payable $25 or more monthly.

In September, 1955, defendant Moore, pursuant to powers granted in the second deed of trust and to the assignment of rents, notified all tenants of the property to pay rents to her agent, Trade Center Properties, Inc. It collected all rents thereafter until December 27, 1956.* January 10, 1956, plaintiff Charlotte Johns obtained an interlocutory decree of divorce in which the real property was awarded to her.† January 17, 1956, defendant Moore recorded notice of default under the terms of the second deed of trust, and later gave notice of sale. However, further proceeding was enjoined in this action. Appellant then proceeded to foreclose the third deed of trust. December 12, 1956, the trustee, pursuant to such foreclosure, conveyed plaintiff Johns' interest in the property to appellant subject to defendant Moore's second deed of trust. At appellant's request, defendant Moore delivered an accounting of rents to appellant, which the court found was complete from September 19, 1955, to December 27, 1956, and that any errors therein were not prejudicial to plaintiffs.

The court further found that plaintiff was in default under the second deed of trust and dissolved the injunction restraining the foreclosure proceedings thereunder; also that defendant Moore had made proper accounting, except that the court reduced the amounts of certain items.

1. SUFFICIENCY OF THE ACCOUNTING.

The court denied defendant Moore's contention that neither plaintiff Johns nor appellant Arrivillaga were entitled to an

---

*September 27, 1955, defendant Moore filed notice of default under the second deed of trust. Apparently nothing further was done pursuant to this notice.

†March 10, 1956, Mr. Johns was adjudged a bankrupt by the federal court. May 8, that court decreed that the bankrupt's trustee had no interest in the property.

accounting. As said defendant is not appealing and did account we deem it unnecessary to determine the propriety of that ruling.

(a) *Rents from tenant Fox.*

█ Defendant Moore did not collect rent from Fox, tenant of one of the apartments. We adopt in part the statement of the trial judge, Honorable Gerald Levin, in his memorandum opinion: "The evidence is confusing on this point, but it indicates an indebtedness by Mr. Johns to Mr. Fox, which was verified by the agent of defendant Moore with plaintiff Johns and Mr. Johns; that rentals due from Mr. Fox on account of his occupancy of an apartment on the premises, termed 'The Attic,' were credited to that indebtedness and not actually collected by defendant Moore. There does not appear to be anything in the record to show that defendant Moore failed to use reasonable diligence or was grossly negligent in relying upon the information obtained by her agent from Mr. Fox and Mr. and Mrs. Johns on this subject. It does not seem fair for the Court to infer to the contrary from the evidence in the record. Accordingly the principle of law stated above again seems applicable." █ The principle referred to is: "With respect to accountability for rents and profits which the mortgagee in possession received or could have received, the general duty of the mortgagee toward the premises is that of an ordinarily prudent owner. █ The mortgagee may be held chargeable for rents and profits not actually received where, and only where, he has failed to use reasonable diligence, or where he is guilty of fraud, gross negligence, or wilful default . . ." (59 C.J.S. 428, § 318; see also 33 Cal.Jur. 2d 606, § 215.)

(b) *Application of rents on first deed of trust.*

█ Appellant's contention that defendant Moore had no right to apply any of the rents to payment of the first deed of trust is well answered in the above mentioned memorandum opinion: "It seems clear from the express language of the second deed of trust that defendant Moore had the right to make payments on the obligation secured by the first deed of trust; but assuming the absence of express authority in the deed of trust, asserted by plaintiffs, the law is clear in California, as stated in *Stafford* v. *Russell* (1953), 117 Cal.App. 2d 326 at 332-333 [255 P.2d 814]: 'Even in the absence of such authority, the trustee or beneficiary may pay taxes and other superior liens in order to protect the security and add the same to the debt secured. (*Savings & Loan Soc.* v. *Burnett*,

106 Cal. 514, 536 [39 P. 922]; *San Mateo County Bank* v. *Dupret*, 124 Cal.App. 395, 396-397 [12 P.2d 669].)''

Section A of the second deed of trust provides that the beneficiary can make payments on encumbrances and liens which the trustor was required, but failed to pay.

(c) *Complete account.*

■ Appellant Arrivillaga, in contending defendant Moore failed to justify the account, cites alleged failure to explain uncollected rent, or the necessity or reasonableness of attorney and management fees and the failure to produce vouchers and receipts. However, there is no specification of any item not properly accounted for, other than those herein discussed.

The trial court found that a complete account was rendered and that errors, if any, were nonprejudicial to plaintiffs.

■ The completeness of an accounting is a question for the trial court and the evidence offered should not be reweighed by the reviewing court. (See *Baumann* v. *Harrison* (1941), 46 Cal.App.2d 84, 92 [115 P.2d 530].) Particularly is this so where plaintiffs fail to specify the particulars in which they claim the account is not complete. In *Murdock* v. *Clarke*, 90 Cal. 427, 435-436 [27 P. 275], the court said where ''the finding is challenged only in general terms, and not specifically, and the objections are addressed to the necessity or reasonableness of the expenditure, rather than to its amount, we must accept the finding as correct.''

2. ATTORNEYS' AND MANAGEMENT FEES.

■ The agent appointed by defendant Moore managed the property and collected the rents. For this service defendant Moore allowed $25 per month, or a total of $400. The court found this allowance to be excessive in view of the fact that the total rents collected amounted to only $150 per month, but allowed $200. ■ Ordinarily a mortgagee in possession is not entitled to any compensation for personal services for the care and management of the property. (See 33 Cal.Jur.2d 610, § 218.) However, where compensation is provided for by agreement, that rule is not controlling. (See 59 C.J.S. 430.)

■ Although fees for management are not expressly referred to in the deed of trust, they are included in the provision for the payment of ''expenses of operation and collection.'' Hence, the allowance made by the court was proper.

■ The court allowed attorneys' fees in the sum of $250 for services rendered by defendant Moore's attorneys in connection with the foreclosure proceedings, and $500 (reduced

by the court from $800 asked) for additional services in connection with the foreclosure and sale plus services rendered in this action which the court held were rendered for the protection of defendant Moore's security under the deed of trust.

Sections A-3, A-6 and B-5 of the deed of trust authorize the beneficiary to ''appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary.''

The court found that the exercise of the power to defendant Moore to collect rents, as well as the power to sell, were affected by the injunctive aspects of the action, as no sale could be made as long as the injunction remained in effect. The cited provisions of the deed of trust warranted the allowance of attorneys' fees.

3. Notice of Default not Premature.

 Appellant contends that at the time defendant Moore gave notice of default plaintiff Johns was not in default. This contention is based primarily upon appellant's contentions hereinbefore discussed and found adversely to appellant. Plaintiff Johns made no payments on the note to defendant Moore at any time, and as pointed out by the trial court in its memorandum opinion, on January 17, 1956, the date of the notice, there was a difference in the total amount of the rents collected less the expenditures found proper by the court, and the payments due on the note, in the sum of $452.04. Unquestionably plaintiff Johns was then in default.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied April 16, 1959.