[Civ. No. 6037. Fifth Dist. Jan. 4, 1983.]

VALLEY BIBLE CENTER, Plaintiff and Appellant, v.
WESTERN TITLE INSURANCE COMPANY et al.,
Defendants and Respondents.

### COUNSEL

Gilbert Moody, Vernon Johnson and Thomas M. Holsinger for Plaintiff and Appellant.

Allen, Ivey, Cornell, Mason & Castellucci and William T. Ivey, Jr., for Defendants and Respondents.

### OPINION

**FRANSON, Acting P. J.** Appellant trustor prevailed in an action to block a trustee's sale of a church in Atwater, California, following an alleged default under a deed of trust asserted by the respondent beneficiary. A permanent restraining order was granted against the trustee's sale, but the trial court denied appellant's request for attorney's fees and costs. Appellant contends the trial court erred in denying the request.

At oral argument both parties stipulated this court could take judicial notice of the deed of trust involved in the instant action. This deed of trust contains the following standard language, "A. To protect the security of this Deed of Trust, Trustor agrees: . . . 3. To appear and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including costs of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear."

Although the above quoted provision literally seems to contemplate actions filed by someone other than the trustor where the trustor is required to appear and defend the beneficiary's or trustee's rights under the trust deed, in principle, we see no reason why it should not apply to actions by the trustor challenging the beneficiary's and trustee's rights under the trust deed. As explained in California Mortgage and Deed of Trust Practice (Cont.Ed.Bar 1979) section

3.38, page 111, clause A.5 of the trust deed compels the trustor to reimburse the beneficiary for any sum expended by the beneficiary under any of the deed of trust provisions. Because the trust deed entitles the beneficiary to enforce payment of all obligations of the trustor (cl. A.6) and conduct a private foreclosure sale (cl. B.6), and in each instance to permit the beneficiary to employ counsel, "it is obvious that in almost all litigated and nonlitigated disputes in which the beneficiary is involved, it can collect attorney's fees from the trustor." (*Op. cit., supra.*)

If respondents, the trustee and beneficiary, had prevailed in the instant action, they could have collected attorney's fees and costs from the trustor. Under Civil Code section 1717,[1] what is sauce for the goose is sauce for the gander, and since respondents were entitled to attorney's fees and costs if they had prevailed in the present action, appellant is likewise entitled to attorney's fees and costs.

The judgment is reversed, and the matter is remanded to the trial court solely for the determination of appropriate costs and attorney's fees to be awarded to the trustor, appellant.

Woolpert, J., and Stanton, J.,* concurred.

---

[1]Civil Code section 1717, subdivision (a), in pertinent part reads as follows:
"In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of that contract, shall be awarded either to one of the parties or to the prevailing party, . . . whether he or she is the party specified in the contract or not, [the prevailing party] shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements."

*Assigned by the Chairperson of the Judicial Council.