[No. C000147. Third Dist. Apr. 8, 1987.]

GARY PASSANISI et al., Plaintiffs and Appellants, v.
MERIT-McBRIDE REALTORS, INC., et al., Defendants and
Respondents.

1500

COUNSEL

John D. Thomas for Plaintiffs and Appellants.

Williams, Kelly, Polverari & Skelton, Joseph Polverari and Steve DeFilippis for Defendants and Respondents.

OPINION

SPARKS, J.—This case presents issues relating to the rights of trustors of a deed of trust when the secured realty is sold at a trustee's sale and the beneficiary is the successful bidder. At issue is the right of the trustors to the satisfaction of an earlier judgment for attorney's fees awarded to the beneficiary in an unsuccessful suit to enjoin the sale.

Following a trustee's sale of real property to satisfy a debt owed by plaintiffs Gary and Judy Passanisi to defendants Merit-McBride Realtors, Inc.,

Jeannette Ceser, and Doris Betts (Merit-McBride),[1] the plaintiffs filed a motion to compel Merit-McBride to acknowledge the satisfaction of a judgment for attorney's fees and costs awarded to it in an earlier action between the parties. In that action Merit-McBride had successfully defended against plaintiffs' attempt to enjoin a trustee's sale. The motion was denied and plaintiffs appeal asserting a plethora of claims. In essence, plaintiffs claim the trustee's sale either satisfied the judgment by operation of law or statutorily prevented its subsequent enforcement. We reject both of those contentions and hold instead that the judgment was neither automatically satisfied nor rendered unenforceable by the sale of the property at the trustee's sale. But we further conclude that there was a surplus from the proceeds of the trustee's sale which may be offset against the judgment. We shall therefore reverse and remand with directions for the trial court to determine the amount of the offset and to compel acknowledgment of satisfaction of the judgment to that extent.

## FACTUAL AND PROCEDURAL BACKGROUND

The appellate record may fairly be described as skimpy. Nevertheless, the facts essential to a resolution of the issues on appeal are undisputed and may be gleaned from this fragmentary record.

It appears that plaintiffs desired to sell their house and move to another place. They attempted to sell their home in order to raise money for a down payment on a new home. Having difficulty finding a buyer for their old home, and in order to raise the money for the new home, plaintiffs borrowed in excess of $21,000 on the equity in their old home. Merit-McBride was the lender and it took a second deed of trust on the old home as security for its loan. Plaintiffs defaulted on the loan and Merit-McBride notified the trustee to exercise the power of sale in the deed of trust. Plaintiffs responded by bringing an action to enjoin the sale and succeeded in obtaining a preliminary injunction. Their success, however, was short-lived. Merit-McBride prevailed at the trial and the plaintiffs were denied any relief. Pursuant to a clause in the deed of trust, Merit-McBride sought an award of attorney's fees in the sum of $15,473.50, together with costs incurred in the action for injunctive relief.[2] The trial court awarded attorney's fees in the amount of $9,500, and costs in the amount of $944.78. Judgment was entered on May 1, 1984, in Merit-McBride's favor for these amounts. No appeal was taken from this judgment and it became final.

---

[1] For convenience, and due to a unity of interest in this action, we will hereafter refer to all the defendants as Merit-McBride.

[2] Under the terms of the deed of trust, the trustor agreed to "pay all costs and expenses, including ... attorney's fees in a reasonable sum, in any [action or proceeding purporting to affect the security or the rights or power of the beneficiary or trustee] in which Beneficiary or Trustee may appear ...."

The trustee's sale then took place on July 9, 1984. Merit-McBride was the successful bidder at the sale. It bid the total amount of $52,091.48 for the property. After an inquiry plaintiffs were advised that the amount of the bid at the trustee's sale reflected the following sums: principal, $21,160; accrued interest, $10,050.72; advances, $9,267.35; interest on advances, $91.80; attorney's fees, $10,523.52; and trustee fees and expenses, $998.09.

Plaintiffs labor under the belief the sale of the property at the trustee's sale had the effect of satisfying all of their debts to Merit-McBride, including the judgment for attorney's fees and costs awarded in the action for injunctive relief. Consequently, they moved for an order requiring Merit-McBride to acknowledge the satisfaction of the judgment, and for damages, sanctions, attorney's fees and costs. (See Code Civ. Proc., § 724.050.)[3] Merit-McBride replied with a declaration from its counsel which asserted that no part of the judgment had been included in the amount bid at the trustee's sale. The attorney explained that the total amount of attorney's fees incurred by Merit-McBride in defending the action and in foreclosing on plaintiffs' property was $20,023.52, from which was subtracted the court-awarded attorney's fees of $9,500, leaving a balance of $10,523.52. This balance was then used in the bid to reflect the amount of unpaid attorney's fees. Counsel concluded: "Thus, only the attorney's fees actually incurred by Merit-McBride and not covered by this Court's judgment were bid in at the sale."

The trial court denied plaintiffs' motion to compel Merit-McBride to acknowledge the satisfaction of the judgment. This appeal followed.

### DISCUSSION

The issues presented in this case are obfuscated by the failure of the parties to view the case from a proper legal perspective. Most of the confusion can be eliminated with a brief explanation of what occurs when a trustee under a deed of trust sells the subject property to satisfy the trustor's obligation to the beneficiary.

█ When a trustor defaults on the obligation, the beneficiary may elect, pursuant to statutory provision, to pursue a judicial sale of the property by filing a suit for foreclosure.[4] (Code Civ. Proc., § 725a; 3 Witkin, Summary

---

[3]Code of Civil Procedure section 724.050, provides among other things that if a money judgment has been satisfied, the judgment debtor may make a written demand on the judgment creditor to file an acknowledgment of the judgment with the court. "If the judgment creditor does not comply with the demand within the time allowed, the person making the demand may apply to the court on noticed motion for an order requiring the judgment creditor to comply with the demand." (Code Civ. Proc., § 724.050, subd. (d).)

[4]If the creditor should elect to proceed by judicial sale then the debtor has a statutory right of redemption. (Code Civ. Proc., §§ 725a, 729.010 et seq.) In order to put judicial enforcement

of Cal. Law (8th ed. 1973) Security in Real Property, § 96, at p. 1567.) Alternatively, he can rely upon the power of sale in the deed of trust and pursue a private sale. (*Carpenter* v. *Hamilton* (1943) 59 Cal.App.2d 146, 148 [138 P.2d 353]; see also Cal. Mortgage and Deed of Trust Practice (Cont.Ed.Bar 1979) Trustee's Sale, §§ 6.1-6.5, pp. 257-261.) Where the beneficiary elects to pursue a private sale, there are statutory requirements for notice and the manner in which a sale is to be conducted. (Civ. Code, § 2924 et seq.) Also by virtue of statute, the debtor is given the opportunity to cure his default and avoid the sale. (Civ. Code, § 2924c.) Where the debtor does not cure the default, and has not obtained an injunction prohibiting the sale, the trustee or his agent appears at the time and place set for the sale and may sell the property to the highest bidder. (Civ. Code, § 2924g, subd. (a).)

█ At the trustee's sale anyone may bid for the property, including the beneficiary. (Cal. Mortgage and Deed of Trust Practice, *op. cit. supra*, § 6.23, p. 280.) The sale "shall be made at auction, to the highest bidder . . . ." ( Civ. Code, § 2924g, subd. (a).) If the creditor-beneficiary chooses to bid for the property he is doing so in the capacity of a purchaser. The only distinction between the creditor-beneficiary and any other bidder is that the creditor-beneficiary is entitled to bid on credit up to the amount of the total obligation he is owed. "The present beneficiary of the deed of trust under foreclosure shall have the right to offset his or her bid(s) only to the extent of the total amount due the beneficiary including the trustee's fees and expenses." (Civ. Code, § 2924h, subd. (b).) █ If the creditor-beneficiary makes a "full credit bid"[5] for the property and is the successful bidder, then the proceeds from the trustee's sale are exactly sufficient to satisfy the debt. In that case, there is no deficiency and no surplus. (See *Brown* v. *Critchfield* (1980) 100 Cal.App.3d 858, 868-869 [161 Cal.Rptr. 342].) █ In short, "when the beneficiary bids the full amount of all principal, interest and costs due by the terms of the note and deed of trust, the full credit bid establishes the value of the property and the amount of the debt, the debt is fully satisfied, the lien is extinguished, and the beneficiary cannot pursue any other remedy *regardless of the actual value of the property on the date of the sale*." (1 (pt. 1 ) Miller & Starr, Current Law of Cal. Real Estate (rev. ed., 1986 supp.) Deeds of Trust and Mortgages, § 3:126, p. 354, italics in original.) But

---

on a parity with private enforcement, the Legislature enacted Code of Civil Procedure section 580d, which precludes a deficiency judgment after a private trustee's sale. (*Roseleaf Corp.* v. *Chierighino* (1963) 59 Cal.2d 35, 43 [27 Cal.Rptr. 873, 378 P.2d 97].) Thus, a creditor may elect judicial foreclosure which gives him the right to a deficiency judgment but under which the sale of the property is subject to the right of redemption for a period after the sale, or he may elect a private sale under which the sale is final, but a deficiency judgment is precluded.

[5]A "full credit bid" is a bid "in an amount equal to the unpaid principal and interest of the mortgage debt, together with the costs, fees and other expenses of the foreclosure." (*Cornelison* v. *Kornbluth* (1975) 15 Cal.3d 590, 606, fn. 10 [125 Cal.Rptr. 557, 542 P.2d 981].)

the creditor-beneficiary is not required to bid and even if he chooses to bid, he is not required to make a full credit bid. He may bid more or less than the amount of the debt. (*Cornelison* v. *Kornbluth, supra,* 15 Cal.3d at p. 607.)

After the sale the trustee has the duty of disbursing the proceeds of the sale. The proceeds are used first to pay the costs of the sale and to satisfy the obligation owed by the debtor to the creditor-beneficiary. In the event the proceeds are insufficient for this purpose there is a deficiency. Where the creditor has chosen to proceed by trustee's sale rather than by judicial foreclosure, he may not seek to obtain a deficiency judgment on the note. (Code Civ. Proc., § 580d.) If the amount paid for the property by the successful bidder is more than sufficient to satisfy the obligation and the costs of sale then there is a surplus. Since the creditor is only entitled to the repayment of his debt, in the event of a surplus the debtor is entitled to the surplus, either paid directly to him or used on his behalf, such as by payment to his other creditors. This result is required statutorily in a judicial sale, and has been imposed by judicial decision with respect to a private sale. (Code Civ. Proc., § 727; *Nomellini Constr. Co.* v. *Modesto S. & L. Assn.* (1969) 275 Cal.App.2d 114, 118 [79 Cal.Rptr. 717].) That requirement was also contained in a specific provision in the deed of trust involved in this case. With respect to the disbursement of the proceeds of the sale, the debtor is not required to accept the creditor's word for what is due on the obligation and costs of sale. The debtor may, by appropriate action, obtain judicial review of the amounts claimed by the creditor, and may establish the existence of a surplus in this manner. (*de la Cuesta* v. *Superior Court* (1984) 152 Cal.App.3d 945, 950 [200 Cal.Rptr. 1].)

This outline of the process of a sale pursuant to the power of sale in a deed of trust should considerably simplify the issues on appeal. Contrary to plaintiffs' contention, Merit-McBride was not required to bid the full amount of all indebtedness owed by plaintiffs in bidding for the property at the trustee's sale. (*Cornelison* v. *Kornbluth, supra,* 15 Cal.3d at p. 607.) Nor does the sale of the property at a trustee's sale operate to automatically satisfy all indebtedness of the plaintiffs. The sale of the property operates to satisfy only so much of the indebtedness as the purchase price will cover, although Merit-McBride is precluded from seeking a deficiency judgment on the note. (*Ibid.*)

With this overview in mind, the questions presented on appeal are: (1) Where a creditor-beneficiary obtains a judgment for attorney's fees and costs in an action brought by the debtor-trustor to restrain the exercise of the power of sale in a deed of trust, does the one-form-of-action rule (Code Civ. Proc., § 726 [all further statutory references are to that code unless otherwise indicated]), or the prohibition against deficiency judgments (§ 580d), operate

to render the judgment unenforceable after the sale of the property? (2) If not, were the proceeds at the trustee's sale in this case sufficient to satisfy the entire secured obligation and all, or at least part, of the judgment? (3) Can the plaintiffs claim a surplus from the sale by making a motion under section 724.050? We shall consider these questions in the order posed.

1. *Code of Civil Procedure sections 726 and 580b.*

Section 726 sets forth what is known as the "one form of action" rule. Under this statute, "[t]here can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property, which action must be in accordance with the provisions of this chapter." (§ 726, subd. (a).)[6] That chapter describes the one form of action as a "suit to foreclose." (§ 725a.) Thus, "[t]he chapter provides for the remedy of *foreclosure* by judicial sale. As a result of this section, no personal action can be brought against the maker of a note, when the note is secured by a mortgage or deed of trust." (3 Witkin, *op. cit. supra,* § 87, p. 1560.) Consequently, "CCP § 726 is, in California, a security-first rule as well as a one-action rule. A beneficiary seeking relief must go after the security before it looks to the trustor." (Cal. Mortgage and Deed of Trust Practice, *supra,* One-Action and Antideficiency Rules, § 4.4, p. 141.)

But "[n]otwithstanding this apparently clear and unambiguous language, California courts have interpreted this provision as giving the secured creditor entitled to a deficiency judgment an election of remedies." (*Bank of America* v. *Daily* (1984) 152 Cal.App.3d 767, 770 [199 Cal.Rptr. 557].) Thus the California Supreme Court has held that "since under section 726 '[t]here can be but one form of action for the recovery of any debt' secured by a mortgage or deed of trust on real property, where the creditor sues on the obligation and seeks a personal money judgment against the debtor without seeking therein foreclosure of such mortgage or deed of trust, he makes an election of remedies, electing the single remedy of a personal action, and thereby waives his right to foreclose on the security or to sell the security under a power of sale. [Citations.]" (*Walker* v. *Community Bank* (1974) 10 Cal.3d 729, 733-734 [111 Cal.Rptr. 897, 518 P.2d 329].) The credi-

---

[6]Section 726, subdivision (a) provides: "There can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property, which action must be in accordance with the provisions of this chapter. In the action the court may, by its judgment, direct the sale of the encumbered property (or so much of the property as may be necessary), and the application of the proceeds of the sale to the payment of the costs of court, the expenses of levy and sale, and the amount due plaintiff, including, where the mortgage provides for the payment of attorney's fees, such sum for attorney's fees as the court shall find reasonable, not exceeding the amount named in the mortgage."

Although the statute only refers to a "mortgage," it has been held to apply to a deed of trust as well. (*Bank of Italy etc. Assn.* v. *Bentley* (1933) 217 Cal. 644, 653 [20 P.2d 940].)

tor's election in turn invests the debtor with the dual choice of interposing section 726 as either an affirmative defense or as a sanction. "If the debtor successfully raises the section as an affirmative defense, the creditor will be forced to exhaust the security before he may obtain a money judgment against the debtor for any deficiency. If the debtor does not raise the section as an affirmative defense, he may still invoke it as a sanction against the creditor on the basis that the latter by not foreclosing on the security in the action brought to enforce the debt, has made an election of remedies and waived the security." (*Id.,* at p. 734, citations omitted.) As Witkin explains it, "[i]f the creditor sues on the note, disregarding the security, and the debtor allows personal judgment to go against him without objecting on that ground, (1) the *debtor waives* the protection of C.C.P. 726, and (2) the *creditor elects* the single remedy of a personal action and cannot thereafter foreclose or sell the security under a power of sale." (3 Witkin, Summary of Cal. Law, *supra,* § 94, p. 1566, italics in original.)

So construed, the essence of the one-form-of-action rule is that secured creditors must either exhaust their security before seeking a personal judgment against their debtors or be deemed to have waived their security. (*Walker* v. *Community Bank, supra,* 10 Cal.3d at pp. 735-736; *Bank of America* v. *Daily, supra,* 152 Cal. App.3d at p. 773.) This statutory rule protects the debtor against multiplicity of suits and compels competitive bidding to test the value of the security for the debt. (*United California Bank* v. *Tijerina* (1972) 25 Cal.App.3d 963, 968 [102 Cal.Rptr. 234].) If asserted by the debtor, it precludes the entry of a personal money judgment against debtor on the debt until after the foreclosure sale is concluded. (*Ibid.*)

■ The one-form-of-action rule has no application here. By its terms section 726 applies only where the creditor-beneficiary has brought an action against the debtor-trustor to recover a debt or to enforce some right secured by a deed of trust. (3 Witkin, Summary of Cal. Law, *op. cit. supra,* § 87, p. 1560.) It does not apply in other situations. (See e.g., *Kass* v. *Weber* (1968) 261 Cal.App.2d 417, 422 [67 Cal.Rptr. 876] [action for rescission due to fraud]; *Willys of Marin Company* v. *Pierce* (1956) 140 Cal.App.2d 826, 829 [296 P.2d 25] [unlawful detainer action]; *Meyer* v. *Thomas* (1936) 18 Cal.App.2d 299, 302-303 [63 P.2d 1176] [action for conversion *of* the note rather than for a personal judgment *on* the note].) The rule consequently does not apply here for several reasons. First, it was the plaintiffs, the debtor-trustors, who brought the action and not the creditor-beneficiary. Second, the action was not "for the recovery of any debt or the enforcement of any right secured by [the deed of trust] upon real property" within the meaning of the statute. The action was instead to enjoin the exercise of the power of sale in the deed of trust. Merit-McBride merely defended against an action to enjoin the nonjudicial sale of the property. Finally, the subsequent

nonjudicial sale did not violate the proscription of the one-form-of-action rule. ■ "Exercise of a power of sale in a deed of trust or mortgage is not an 'action' and does not violate C.C.P. 726." (3 Witkin, *op. cit. supra*, § 91, p. 1563.) In short, Merit-McBride was entitled under the terms of the trust deed to attorney's fees incurred in defending the injunction action brought by the plaintiffs. It was not required to forego its right to those fees in order to rely upon its security to satisfy the secured obligation.[7]

We turn next to the antideficiency statute. Section 580d provides, in relevant part: "No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property hereafter executed in any case in which the real property has been sold by the mortgagee or trustee under power of sale contained in such mortgage or deed of trust."[8] ■ The purpose of section 580d is to put judicial foreclosure on parity with private foreclosure. (*Roseleaf Corp.* v. *Chierighino, supra,* 59 Cal.2d at p. 43.) When a creditor judicially forecloses, the debtor retains the right to redeem the property and this right has the effect of insuring that the security will satisfy a realistic share of the debt. (*Ibid.*) In a nonjudicial foreclosure there

---

[7] It is true that Merit-McBride, under the terms of the deed of trust, could have added its attorney's fees for the defense of the injunction action to its security without submitting the question of the reasonableness of those fees to the court and without obtaining a personal judgment against the losing plaintiffs-trustors. (*de la Cuesta* v. *Superior Court, supra,* 152 Cal. App.3d at pp. 948-950.) But the mere fact that the beneficiary did not elect that option does not convert the award of attorney's fees for its defense in the injunction suit into an "action for the recovery of any debt or the enforcement of any right secured" by the deed of trust within the meaning of section 726.

Miller and Starr caution that "[a]lthough these cases do not address the issue, Section 726 creates an enormous risk for beneficiaries seeking a personal judgment for attorney's fees. Under that section, if a beneficiary obtains a final monetary judgment on a secured debt, the entry of the judgment constitutes a waiver of the debt's security *and* the unpaid balance of the debt. [Citations.] Such a waiver probably would be triggered by entry of a personal judgment for attorney's fees secured by a deed of trust." (1 Miller & Starr, *op. cit. supra* (1986 pocket supp.) § 3:109, p. 314, italics in original.) That fear is unwarranted. As our discussion makes clear, the one-form-of-action rule only applies to actions brought by the creditor to recover the debt or enforce some other secured right. Consequently, an award of attorney's fees incurred in defending a suit brought by the trustor to enjoin a sale would not trigger the rule. As Miller and Starr themselves note elsewhere in their treatise, the "requirement that the security first be exhausted only applies when a creditor is attempting to enforce the collection of the secured debt. Therefore, he may pursue any other right or remedy that he may have without regard to this restriction." (1 Miller & Starr, *supra,* § 3:86, at p. 490.) To reinforce this conclusion, the authors added: "The 'one action' rule only applies to an action to recover the debt." (*Id.,* § 3:88, at pp. 491-492.)

[8] Section 580d should not be confused with the antideficiency provisions of section 580b. Section 580b precludes a deficiency judgment after the sale, either judicial or private, of property securing a purchase money mortgage or deed of trust. Sections 580b and 580d serve different legislative policies, and the applicability of either section must be considered in light of the policy the particular section is designed to further. (*Cornelison* v. *Kornbluth, supra,* 15 Cal.3d at pp. 602-605.) In this case section 580b is not involved; we are concerned solely with section 580d.

is no right to redeem, but the proscription against a deficiency judgment has a comparable effect of making the security satisfy a realistic share of the debt. (*Ibid.*) Thus, the creditor may elect a nonjudicial foreclosure, in which case the sale transfers nonredeemable title but no deficiency judgment may be sought, or he may proceed with a judicial sale in which he can obtain a deficiency judgment but title is redeemable. (*Ibid.*)

Section 580d applies by its specific terms only to actions for "any deficiency upon a note secured by a deed of trust" and not to actions based upon other obligations. (*Willys of Marin Company* v. *Pierce, supra,* 140 Cal.App.2d at p. 831.) Nevertheless, the proscriptions of section 580d cannot be avoided through artifice. In determining whether a particular recovery is precluded, we must consider whether the policy behind section 580d would be violated by such a recovery. (*Freedland* v. *Greco* (1955) 45 Cal.2d 462, 467-468 [289 P.2d 463].) For example, a junior lienor was not precluded from obtaining a judgment on a note after a senior lienor sold the property at a private sale, thereby rendering the junior's security valueless. (*Roseleaf Corp.* v. *Chierighino, supra,* 59 Cal.2d at pp. 43-44.) It has also been held that the private foreclosure of certain deeds of trust did not preclude the plaintiff from seeking damages based upon noncompliance with regulatory provisions applicable to real property securities dealers. (*Baumrucker* v. *American Mortgage Exchange, Inc.* (1967) 250 Cal.App.2d 451, 459 [58 Cal.Rptr. 677].) Nor does the foreclosure of a trust deed by private sale preclude the creditor-beneficiary from seeking damages for fraud. (*Glendale Fed. Sav. & Loan Assn.* v. *Marina View Heights Dev. Co.* (1977) 66 Cal.App.3d 101, 139 [135 Cal.Rptr. 802]; *Kass* v. *Weber, supra,* 261 Cal.App.2d at p. 423.) These actions, the courts have held, do not conflict with the policy behind section 580d.

This point was illustrated in *Cornelison* v. *Kornbluth, supra,* 15 Cal.3d at page 607. There the Supreme Court considered the relationship between antideficiency legislation and an action for waste under Civil Code section 2929. Under that section a secured creditor may bring an action for waste against a person who has substantially impaired the security. In *Cornelison* the court noted that an action for waste and one for a deficiency judgment are interrelated since the damages for waste are measured by the extent the defendant caused the security to be insufficient, while a deficiency judgment is measured by the extent the proceeds at a sale of the security are insufficient to satisfy the debt. (15 Cal.3d at p. 603.) Where waste is actually caused by general economic conditions a recovery for waste would in effect be a deficiency judgment. (*Id.,* at p. 605.) On the other hand, where the waste is caused by the reckless, intentional, or even malicious acts of the property owner (called "bad faith" waste), then a recovery would be entirely independent of the problems encompassed by antideficiency legislation. (*Ibid.*)

Accordingly, recovery for waste following a nonjudicial foreclosure sale is barred when the waste results from the depressed condition of the general real estate market, but not when it is caused by the "bad faith" acts of the debtor-trustor. (*Ibid.*)

■ In considering the purposes of section 580d, we conclude that when a creditor-beneficiary prevails in an action brought by the debtor-trustor to restrain foreclosure of the security and is awarded attorney's fees and costs, the subsequent sale of the property at a trustee's sale does not render the judgment for attorney's fees and costs unenforceable. Section 580d does not by its express terms apply in such a case, nor does the policy behind section 580d dictate such a result. Enforcement of the judgment for attorney's fees and costs is not simply a subterfuge for the collection of a deficiency on the secured note. The award for attorney's fees and costs is neither measured by, nor interrelated to, a deficiency on the note. Such an award is not attributable to a general condition of the real estate market, but is the result of the debtor-trustor's voluntary act in bringing an unmeritorious suit which the creditor-beneficiary was required to make expenditures to defend. The judgment for attorney's fees and costs is entirely independent of the problems encompassed by antideficiency legislation and the enforcement of such a judgment will not affect the parity of remedies such legislation is intended to foster. (15 Cal.3d at p. 605.) For these reasons we reject plaintiffs' argument that the judgment for attorney's fees and costs must be deemed unenforceable by virtue of section 580d.[9]

## 2. *Was there a surplus at the trustee's sale?*

The trustee's sale raised proceeds of $52,091.48. Not uncoincidentally, Merit-McBride claimed entitlement, exclusive of the judgment, to exactly that sum. The only portion of the claim contested here is the amount of attorney's fees owed to Merit-McBride exclusive of the judgment. We conclude that defendant's explanation for the amount of the attorney's fees claimed

---

[9]In fact, to hold otherwise would contravene another established policy of this state. In Civil Code section 1717 the Legislature has decreed that contractual attorney's fee clauses are mutual. Thus, where the contract provides for attorney's fees in the event of litigation, the prevailing party may obtain an award of fees regardless whether that party was contractually entitled to fees. As the Court of Appeal has said: "Under Civil Code section 1717, what is sauce for the goose is sauce for the gander, . . ." (*Valley Bible Center* v. *Western Title Ins. Co.* (1983) 138 Cal.App.3d 931, 933 [188 Cal.Rptr. 335], fn. omitted.) To accept plaintiffs' contention would be to hold that where a debtor-trustor prevails in an action to enjoin a trustee's sale he may recover an enforceable award for attorney's fees and costs, but where the creditor-beneficiary prevails he cannot obtain an enforceable judgment for such fees and may recover fees only in the event the property can be sold for a sufficient amount to satisfy the indebtedness it secures, together with the costs of the sale, and attorney's fees expended in the litigation. Such a result would destroy the mutuality of attorney's fee provisions required by Civil Code section 1717.

establishes that it was not entitled to the entire amount claimed and there was a surplusage.

Our conclusion is based upon the doctrine of res judicata. As Merit-McBride points out, in the action for injunctive relief it was awarded the sum of $9,500 as reasonable attorney's fees incurred in defending the action and the judgment became final and is binding upon plaintiffs. But res judicata is a two-edged sword and cuts both ways. Not only was the judgment binding on plaintiffs, it bound Merit-McBride as well. ■ Under the collateral estoppel aspect of the doctrine, factual issues litigated and determined between the parties are conclusively determined and may not be redetermined in subsequent actions. (*Henn* v. *Henn* (1980) 26 Cal.3d 323, 329-330 [161 Cal.Rptr. 502, 605 P.2d 10]; *Harman* v. *Mono General Hospital* (1982) 131 Cal.App.3d 607, 614-615 [182 Cal.Rptr. 570].) "The doctrine of collateral estoppel precludes relitigation of an issue previously adjudicated if: (1) the issue necessarily decided in the previous suit is identical to the issue sought to be relitigated; (2) there was a final judgment on the merits of the previous suit; and (3) the party against whom the plea is asserted was a party, or in privity with a party, to the previous suit." (*Producers Dairy Delivery Co.* v. *Sentry Ins. Co.* (1986) 41 Cal.3d 903, 910 [226 Cal.Rptr. 558, 718 P.2d 920].)

■ Res judicata also has a merger aspect. Under that aspect a claim presented and reduced to judgment merges with the judgment and is thereby superseded. (*Jackson* v. *City of Sacramento* (1981) 117 Cal.App.3d 596, 601 [172 Cal.Rptr. 826].) The claimant's remedy thereafter is to enforce the judgment; he may not reassert the claim. (*Ibid.* See generally 7 Witkin, Cal. Procedure (3d ed. 1985) Judgment, §§ 243, 253, pp. 681-682, 691-692.)

■ Both the collateral estoppel and the merger aspects of res judicata apply here. Merit-McBride was required to defend plaintiffs' action and pursuant to the deed of trust was entitled to reasonable attorney's fees incurred in doing so. Merit-McBride submitted the question to the court and the court determined that a reasonable attorney's fee for defending the action was $9,500. Judgment was entered in this amount. That determination by the trial court became final and now collaterally estops Merit-McBride from claiming a greater amount as a reasonable attorney fee for defense of the action. Further, defendant's claim for an attorney fee in defending the action is merged into the judgment and thus superseded. In determining the amount to claim from the proceeds of the trustee's sale, Merit-McBride considered the total attorney's fees incurred "[a]s a direct result of defending this action and foreclosing on plaintiffs [*sic*] property . . . ." From this it subtracted the amount of the judgment, and claimed the remainder. In doing so Merit-McBride claimed fees for defending the action for injunctive relief in

excess of the judgment for fees entered in that action. This it may not do for it is bound by the judgment for attorney's fees in that action.

The upshot of this is that there was a surplus of the proceeds from the trustee's sale. At the trustee's sale Merit-McBride paid, as purchaser, a sum certain for the property. As creditor Merit-McBride believed it was entitled to exactly that amount. However, the claim was erroneous since in calculating the amount due on the obligation Merit-McBride was not entitled to include any sum for attorney's fees incurred in defending the injunction action but not awarded by the court as part of the judgment in that action. Defendant's claim against the proceeds of the trustee's sale must be reduced by that amount, and to that extent there was a surplusage from the sale.

The exact amount of the surplusage cannot be determined upon this record. The judgment for fees and costs in the injunction action is determinative only of the amount of the fees and costs which could properly be awarded in that action. The fees and costs which could be awarded in that action were only those fees and costs incurred in defending the action. Merit-McBride may have incurred attorney's fees and costs due to plaintiffs' default for which the plaintiffs' were legally obligated, but which were not attributable to the defense of the action for injunctive relief. The judgment is not binding with respect to defendant's right to claim such fees and costs even if Merit-McBride attempted to claim them, since a judgment which is not on the merits is not res judicata. (*Goddard* v. *Security Title Ins. & Guar. Co.* (1939) 14 Cal.2d 47, 52-53 [92 P.2d 804].) This includes a situation where the claimant fails to prevail because he has chosen the wrong remedy. (*Ibid.*)

A perfect example of the above principle is provided in this case by Merit-McBride's payments to a senior lienholder. Plaintiffs defaulted not only on Merit-McBride's obligation, but on an obligation secured by a senior deed of trust as well. Pursuant to its deed of trust Merit-McBride was entitled to take such action, including payment of senior encumbrances and the employment of counsel to resolve disputes, as was necessary to protect its security, and to charge the expenses to plaintiffs' obligation. Merit-McBride made the payments on the senior obligation, and in the action for injunctive relief attempted to claim those payments as costs. Plaintiffs objected that those expenses were not incurred in order to prevail in the suit, and the trial court did not award them as costs. The judgment does not preclude Merit-McBride from claiming those costs against the proceeds of the foreclosure sale. Merit-McBride was unquestionably entitled to recoup those payments; they simply were not appropriately assessed as costs in the action for injunctive relief. (See 3 Witkin, Summary of Cal. Law, *op. cit. supra,* § 55, p. 1538.) The denial of those costs in the civil action was not on the merits and does not preclude Merit-McBride from claiming them. Similarly,

Merit-McBride may have incurred attorney's fees to which it was legally entitled which were incurred for purposes other than defense of the suit for injunctive relief. The judgment for attorney's fees in the civil suit does not preclude Merit-McBride from claiming those fees.[10]

Our conclusion is that the record establishes that the proceeds from the trustee's sale were sufficient to satisfy the outstanding secured obligation and to contribute to some extent to the satisfaction of the outstanding judgment. Under the rule of offset, either party to a transaction involving mutual debts can strike a balance, holding himself owing or entitled to only the net difference. (*Kruger* v. *Wells Fargo Bank* (1974) 11 Cal.3d 352, 362 [113 Cal.Rptr. 449, 521 P.2d 441, 65 A.L.R.3d 1266]; *Hauger* v. *Gates* (1954) 42 Cal.2d 752, 755 [269 P.2d 609].) Plaintiffs are entitled to offset the surplus from the proceeds of the trustee's sale against the judgment for attorney's fees and costs and to regard the judgment as satisfied to the extent of the surplus. The question remains whether they chose an appropriate procedural vehicle for asserting this claim.

### 3. *Code of Civil Procedure section 724.050.*

 Where the debtor-trustor under a deed of trust claims a surplus from the proceeds of the trustee's sale, there are a variety of means by which the claim can be judicially determined. (See *de la Cuesta* v. *Superior Court, supra,* 152 Cal.App.3d at p. 950 [declaratory relief and/or injunction]; *Johns* v. *Moore* (1959) 168 Cal.App.2d 709, 714-715 [336 P.2d 579] [accounting]. See also Cal. Mortgage and Deed of Trust Practice, *supra,* § 3.41, pp. 113-114, suggesting an action for money with a request for an accounting.) In this instance plaintiffs filed a motion to compel Merit-McBride to acknowledge the satisfaction of the judgment. (§ 724.050.)

In section 724.010, subdivision (a), the Legislature has provided that a money judgment may be satisfied by payment of the full amount, or by accep-

---

[10]Plaintiffs assert that Civil Code section 2924d provides a maximum amount which may be charged as trustee's or attorney's fees upon a trustee's sale of the property. We disagree. That section provides amounts which may be claimed as reasonable costs and expenses of foreclosing upon the property, it does not serve to define or limit the contractual obligation of the parties. This is the holding of the decision in *Buck* v. *Barb* (1983) 147 Cal.App.3d 920, at pages 924 and 925 [195 Cal.Rptr. 461]. There the plaintiff defaulted on her obligation and as a result the defendant-beneficiary was obliged to employ an attorney to protect her security interest. The Court of Appeal held that the defendant could claim those additional expenses from the plaintiff. They were like any collateral advances made by the beneficiary which, pursuant to the deed of trust, could be added to the claim. Consequently, in determining whether Merit-McBride may claim amounts for attorney's fees in excess of those provided for in Civil Code section 2924d reference must be had to purposes for which the fees were incurred, and whether the terms of the promissory note or deed of trust permit Merit-McBride to treat those expenses as advances which may be added to the amount of the debt.

tance by the creditor of a lesser sum in full satisfaction. The Legislative Committee comment to this section states that subdivision (a) is not an exclusive statement of the methods for satisfying a judgment, and the comment expressly notes that a judgment may be satisfied by offset. (See Legis. Com. com., 17 West's Ann. Code Civ. Proc. (1987 cum. pocket pt.) § 724.010, p. 299.) In section 724.050, subdivision (d), the Legislature provided that if a creditor does not comply with a proper demand to acknowledge the satisfaction of judgment, then the debtor may apply to the court by noticed motion for an order compelling compliance. The Legislative Committee comment to that section provides: "Section 724.050 provides a means whereby the judgment creditor can be compelled to file an acknowledgment of satisfaction of judgment in any case where a money judgment has been satisfied, whether pursuant to a writ, by payment, offset, or other means." (See Legis. Com. com., 17 West's Ann. Code Civ. Proc. (1987 cum. pocket pt.) § 724.050, p. 301.) In section 724.110, the Legislature has further provided that a judgment debtor may demand that a creditor acknowledge the partial satisfaction of a judgment and, if he fails to comply, the judgment debtor may apply to the court by noticed motion for an order compelling compliance. Subdivision (b) of that section provides in relevant part: "If the court determines that the judgment has been partially satisfied and that the judgment creditor has not complied with the demand, the court shall make an order determining the amount of the partial satisfaction and may make an order requiring the judgment creditor to comply with the demand."[11]

In view of these statutory provisions, and the Legislative Committee comments explaining them, it is clear that a motion to compel the acknowledgment of satisfaction or partial satisfaction of judgment is an appropriate means of claiming the surplus from the trustee's sale proceeds as an offset against the outstanding judgment. Upon such a motion the court is empowered to determine the extent to which the judgment has been satisfied and to compel the judgment creditor to acknowledge satisfaction of the judgment to that extent.

---

[11]Where a judgment has been fully satisfied and the judgment creditor fails without just cause to comply with a demand for acknowledgment of satisfaction of judgment, he is liable for all damages sustained by reason of such failure and $100. (§ 724.050, subd. (e).) In any proceeding under the satisfaction of judgment chapter (§§ 724.010-724.100), the court is required to award attorney's fees to the prevailing party. (§ 724.080.) The provisions for a motion to compel the acknowledgment of a partial satisfaction of judgment, however, do not contain provision for sanctions or attorney's fees in connection with the motion. "Unlike the procedure for compelling the judgment creditor to deliver an acknowledgment of full satisfaction of judgment, Section 724.110 does not provide a sanction for failure to comply with the demand (compare subdivision (e) of Section 724.050) or for attorney's fees to the prevailing party (compare Section 724.080) (15 Cal. L.Rev. Comm. Reports 2001)." (See Legis. Com. com., 17 West's Ann. Code Civ. Proc. (1987 cum. pocket pt.) § 724.110, p. 304.)

CONCLUSION

In summary, we conclude that the judgment for attorney's fees and costs awarded Merit-McBride in defending plaintiffs' action to enjoin the trustee's sale was not automatically satisfied by sale of the property at the trustee's sale. Nor was the judgment rendered unenforceable by the one-form-of-action rule (§ 726), or by antideficiency legislation (§ 580d). On the other hand, principles of res judicata preclude Merit-McBride from asserting a claim for attorney's fees incurred in defending the action in excess of those awarded by the court in that action. Since it appears Merit-McBride did claim excess fees against the proceeds from the trustee's sale, the disallowance of that claim will establish a surplus which plaintiffs are entitled to have offset against the judgment. The order denying plaintiffs' motion to compel the acknowledgment of satisfaction of the judgment will be reversed and the cause will be remanded with directions to the trial court to determine the amount of the surplus and to compel an acknowledgment of satisfaction of the judgment to the extent of the surplus.

DISPOSITION

The order of the trial court is reversed and the cause is remanded with directions to conduct further proceedings in accordance with the views expressed in this opinion. Each side shall bear its own costs on appeal.

Blease, Acting P. J., and Carr, J., concurred.