**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

<table>
<tr><td>

MARY JULIET NG,

             Plaintiff-Appellant,

v.

U.S. BANK, NA, et al.,

             Defendants-Appellees.

</td><td>

Nos.  16-16949
       16-17370

D.C. No. 4:15-cv-04998-KAW

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Submitted February 13, 2018[**]
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and SESSIONS,[***]
District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

**1.** The district court properly dismissed Mary Ng's wrongful foreclosure claim with prejudice. To state a viable claim under California law, Ng must allege that defects in her loan assignments rendered the assignments void, rather than merely voidable. *See Yvanova v. New Century Mortgage Corp.*, 365 P.3d 845, 861 (Cal. 2016). She cannot plausibly allege that element of her claim.

Contrary to Ng's argument, U.S. Bank can undertake a foreclosure sale even though it was not named in the April 2010 assignment. That assignment transferred beneficial interest in the deed of trust and promissory note from JPMorgan Chase Bank to Bank of America as trustee. But as Ng acknowledges, Bank of America assigned trustee rights to U.S. Bank in December 2010 when U.S. Bank purchased Bank of America's trustee business. While there was no recorded assignment of the promissory note and deed of trust between Bank of America and U.S. Bank, California law does not require that the assignment of a note secured by a deed of trust be recorded. *See Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118, 123 (2011).

Ng asserts that the 2011 assignment transferring the deed of trust from JPMorgan Chase to Bank of America is void because it did not include language transferring the promissory note, but this argument is unavailing. Even if that defect rendered the 2011 assignment void, it would not give rise to a wrongful

foreclosure action. The 2011 assignment merely duplicated and memorialized the April 2010 assignment, which transferred both the note and deed of trust to Bank of America as trustee. Because U.S. Bank later acquired Bank of America's trustee rights, it is the current beneficiary under the note and deed of trust.

U.S. Bank's execution of the foreclosure sale while this appeal was pending does not change the outcome. Ng still cannot allege that the assignments of her loan were void. Therefore, amendment of her complaint would be futile.

**2.** We affirm the district court's dismissal of Ng's claims for declaratory relief, slander of title, and violations of California's Unfair Competition Law. On appeal, Ng asserts only that these claims are derivative of her wrongful foreclosure claim. Because Ng's wrongful foreclosure claim fails, her derivative claims fail as well.

**3.** The district court properly dismissed Ng's Fair Debt Collection Practices Act (FDCPA) claim. Ng's allegation that the defendants violated 15 U.S.C. § 1692e is without merit. The defendants' actions "to facilitate a non-judicial foreclosure . . . are not attempts to collect 'debt' as that term is defined by the FDCPA." *Ho v. ReconTrust Co.*, 858 F.3d 568, 572 (9th Cir. 2016).

Ng's reliance on *Dowers v. Nationstar Mortgage, LLC*, 852 F.3d 964 (9th Cir. 2017), is misplaced. The holding in *Dowers* was limited to § 1692f(6), but Ng

has not alleged violations of that provision. Even if she had, that claim would fail because Ng cannot assert that U.S. Bank has no right "to possession of the property claimed as collateral." 15 U.S.C. § 1692f(6)(A). Accordingly, any attempt to amend her complaint to allege violations of § 1692f would be futile.

**4.** The district court properly awarded attorney's fees to U.S. Bank and Select Portfolio Servicing, Inc (SPS). Ng does not dispute that this lawsuit is an action "on a contract" within the meaning of California Civil Code § 1717(a). As the prevailing parties, U.S. Bank and SPS are entitled to reasonable attorney's fees pursuant to the terms of Ng's promissory note.

Ng's argument that the foreclosure sale extinguished her obligation to pay attorney's fees is unpersuasive. California law distinguishes between indebtedness under a note and an obligation under the note to pay attorney's fees. This is because an award of attorney's fees "is the result of the debtor-trustor's voluntary act in bringing an unmeritorious suit which the creditor-beneficiary was required to make expenditures to defend." *Passanisi v. Merit-McBride Realtors, Inc.*, 190 Cal. App. 3d 1496, 1509 (1987).

While U.S. Bank and SPS are not signatories to the promissory note, they nonetheless are entitled to attorney's fees. U.S. Bank is the current beneficiary under the note and deed of trust, and SPS is its agent. Accordingly, both "stand[] in

the shoes" of the original signatory lender. *Cargill, Inc. v. Souza*, 201 Cal. App. 4th 962, 966 (2011).

5. The district court properly granted the appellees' motion to expunge the lis pendens because Ng has not established the "probable validity" of a real property claim. Cal. Civ. Proc. Code § 405.32.

Ng's motions for judicial notice (16-16949 Docket Entry 19, 16-17370 Docket 10) are **DENIED** as moot.

**AFFIRMED.**